Dear Mr. Guy:
You advise this office that you are a full-time deputy sheriff working for the Tensas Parish Sheriff's Office. You ask this office to advise whether or not state law permits you to hold this position while at the same time holding the elected office of Tensas Parish police juror should you be elected to the latter position in the fall election.
Applicable to this matter are the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, etseq. A legal analysis relative to the dual officeholding and employment provisions first requires a determination of the types of positions to be held. This categorization is important because the statutory prohibitions contained in La.R.S. 42:63 apply only to a person holding certain combinations of elective office, appointiveoffice, and employment as those terms are specifically defined by La.R.S. 42:62.
The position of deputy sheriff is considered an appointiveoffice because it is an office which is specificallyestablished or specifically authorized by the . . . laws of thisstate . . . and which is filled by appointment . . . by anelected . . . public official.[1] This position is specifically authorized by law under La.R.S. 33:1433, [2] and persons filling this position are appointed by the sheriff, an elected public official.[3]
La.R.S. 42:63(D) provides that no member of any parishgoverning authority shall at the same time hold any office oremployment with the sheriff. *Page 2 
Accordingly, it is the opinion of this office that you may not hold part-time or full- time appointive office as deputy sheriff should you be elected as a member of the police jury in the fall election.
You also advise this office that pursuant to La.R.S. 33:381 (C)(1)(a)(i), the chief of police of the town of St. Joseph holds appointive office.[4] You ask if you may hold elected office as police juror while at the same time serving as the appointed chief of police for the Town of St. Joseph.
Of possible application here is that portion of La.R.S. 42:63(D) which provides that no person holding an elective office in apolitical subdivision of this state shall at the same timehold . . . full-time appointive office.
For your reference, note that a full-time position would require an appointed chief of police to work at least seven hours per day of work and at least thirty-five hours per week, while a part-time position would require an appointed chief of police to work less than the number of hours of work defined as full-time. See
La.R.S. 42:62(4) and (5).
It is our understanding that the appointed chief of police of the Town of St. Joseph holds his position on a full-time basis.[5]
Accordingly, it is the opinion of this office that La.R.S. 42:63(D) would prohibit you from serving as the full-time appointed chief of police while at the same time holding the elective office of police juror should you be elected to the latter position in the fall election.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(2).
[2] La.R.S. 33:1433(A)(1) states:
(A)(1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
(2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court.
[3] La.Const. art. V § 27.
[4] La.R.S. 33:381 (C)(1)(a)(i) provides that "notwithstanding any other provisions of law to the contrary, the chiefs of police of the town of St. Joseph, the village of Port Vincent, and the town of Waterproof shall not be elected at large but shall be appointed by the mayors and boards of aldermen of said village and towns."
[5] See La. Atty. Gen. Op. 82-752.